.SPRAGUE, Respondent, *v.* FREMONT, E. & M. V. R. R. Co., Appellant.

**1. Constitutional Law — Legislative Power — Police Powers.**
> A statute, § 16, chap. 17, Special L. 1885, exempting ten counties of the territory from the operation of § 747, C. C. Pro., as amended, chap. 115, L. 1883, declaring owners liable for all damages done by their stock while trespassing " upon the lands of another," is valid.   Such exemption is within the police power of the legislature.

**2. Same —Trespassing Stock— Common Law Rule—Application.**
> In such exempted locality the rule of the common law, making stock on the lands of another trespassers, does not obtain.

**3. Same — Railroad Companies — Killing Stock — Trial — Case for Jury.**
> Where in such locality S.'s stock strayed upon the defendant's railroad track, and it appeared the engineer saw it a mile and a half distant, but did not discover its presence on the track until he was about sixty rods from it; that he then whistled for brakes, they were applied, also the air

brakes; that it was down grade and there was a train of thirteen loaded cars; that the stock, instead of leaving the track, ran ahead of the train, when one was caught and killed; that the others gathered around this one, and another train following close behind ran into them and injured two others; that the engineer of the second train did not see the stock till within five rods of it; *held*, it was a proper case to submit to the jury.

(Argued and determined at the October Term, 1888.)

A PPEAL from the district court, Custer county; Hon. CHAS. M. THOMAS, Judge.

This was an action for killing a steer and injuring a heifer and a calf. The accident occurred in Custer county, Dakota, in September, 1886. The plaintiff, in his complaint, alleged that it was caused by the negligence of the defendant. This was denied by the company, and it alleged that the plaintiff was guilty of contributory negligence in allowing his stock to trespass upon the track.

On the trial the plaintiff testified that the accident occurred about three or four o'clock in the afternoon; that at the time he was about fifty rods from the track, and about a half a mile from the place of the accident; that he heard the engine "toot" and saw a lot of cattle run down on each side of, and on the track; that when he first saw them they were, perhaps, sixty rods ahead of the train; that they continued to run down the track and the engine to whistle till one steer was caught, thrown from the track and killed; that the other stock gathered around the dead animal, and another train about a half a mile behind ran into them, striking a heifer and a calf, breaking the hind legs of both; that the valley was level and he had a plain view of the train and the cattle; that he could discover no slackening of speed, there seemed to be no effort to slacken, but rather to scare the stock from the track; that they were freight trains loaded with cattle going south; that one could see two miles north along the track from the place of the accident; that it was a slight down grade toward the cattle; that at night he kept his stock in a corral; mornings he turned them out over the hill away from the track to graze, and gave them no more attention until evening, when he sent a boy to gather them in; that they rarely went upon the railroad track, would have to go over a mile to reach it.

The engineer of the first train testified that at the time of the accident he was going down grade around a curve at a rate of about fifteen miles an hour, when he discovered the stock on the track about sixty rods ahead; that on discovering it he whistled for brakes, they were applied by the train-men, and he also applied the air brakes; that there were about thirteen cars loaded with stock; that the accident could not have been prevented; that had he known the cattle were on the track, the distance he could have seen them he could have prevented the injury; that it is difficult to tell how near one is to stock on a curve, or to determine whether they are on the track or not; that the grade was about two and one-half feet on each side of the track; that he was about a mile and a half away when he first saw the stock, but about sixty rods distant when he discovered it on the track; that when he whistled for brakes the stock ran down the track; that he did his utmost to stop the train.

The engineer of the second train testified to striking a cow on a sharp curve; that at the time he was running at about the rate of twenty miles an hour; that he had a train loaded with stock; that he did not see the cow till he got within five rods of her; that by the time he called for brakes and applied the air brakes he struck her; that the distance was so short it was impossible to avoid the accident; that the cow was trying to cross the track when he struck her; that she came up from the left-hand side, his was the right-hand side; that they were running down a grade of about forty feet to the mile; he was following closely another train and kept a close lookout for it, and for stock which was generally found in that locality; that the country about there was level for some distance.

The other train-men of the two trains testified, corroborating the evidence of the engineers as to the efforts made to stop the trains, and there was nothing adduced in rebuttal of this testimony.

There was no request to direct the verdict.

The defendant asked the court to instruct the jury that the plaintiff was held to an "extra degree of care" in keeping his stock there, near the defendant's track. The court refused the instruction, to which the defendant excepted. The case was submitted to the jury, and they returned a verdict for the plaintiff.

The defendant moved for a new trial on the grounds of errors of law, and the insufficiency of the evidence to justify the verdict. The motion was overruled, whereupon judgment was entered and the defendant appealed.

The statutes involved are stated in the head-notes.

*J. W. Fowler*, for appellant.

The plaintiff should have kept his stock off the track. The defendant, therefore, is only liable for gross negligence. Williams v. Northern P. R. R. Co., 3 Dak. 168; Maynard v. Railroad, 115 Mass. 460; Locke v. Pacific R. R. Co., 15 Minn. 355; Darling v. Railroad, 121 Mass. 121.

The defendant rebutted the presumption arising from the killing, under section 679, C. C. Pro., and showed there was no negligence on its part. Spaulding v. Railroad, 33 Wis. 582; Kerwhacker v. C., C. & C. R. R. Co., 3 Ohio St. 196; C., H. D. R. R. Co. v. Waterson, 4 id. 433; C. O. R. R. Co. v. Lawrence, 13 id. 70; Columbus, C. & I. C. R. R. Co. v. Froesch, 57 Ill. 155; Chicago & A. R. R. Co. v. Purvines, 58 id. 38; Metropolitan R. R. Co. v. Moore, 121 U. S. 558, 7 Sup. Ct. Rep. 1334; Fisher v. Farmer, 21 Wis. 74.

That the plaintiff was negligent in allowing the stock to be upon the track, see Whart., §§ 883, 901; Bellfountain R. R. Co. v. Bailey, 11 Ohio St. 333; Corwin v. Railroad, 13 N. Y. 42; Shepherd v. Buff. R. R. Co., 35 id. 641; Indiana R. R. Co. v. Shimer, 17 Ind. 295; Jefferson, M. & I. R. R. Co. v. Dawes, 43 id. 402; Walker v. Herron, 22 Tex. 55; Joliet R. R. Co. v. Jones, 20 Ill. 221; N. W. & E. R. v. Skinner, 19 Pa. St. 301.

*C. L. Wood*, for respondent.

It is contended (1), plaintiff was guilty of contributory negligence, and (2), defendant is liable only for gross negligence. As to the first, it is sufficient to say that, in the county where this occurred, cattle were free commoners upon all uninclosed lands. Chaps. 58, 59, 60 (§ 4), 61, 78, L. 1881; chap. 2, Special L. 1883; chap. 17, Special L. 1885; Kerwhacker v. Cleveland, etc., R. R. Co., 62 Am. Dec. 246; S. C., 3 Ohio St. 172; Missouri P. R. R. Co. v. Wilson, 28 Kan. 455.

As to the second proposition respondent contends, that if the employees of the defendant could, by the use of ordinary diligence, have seen the cattle and could, without danger, have avoided the injury, it was their duty to do so. The idea is not tolerable that an injury can be inflicted which ordinary care would have prevented. Missouri P. R. R. Co. v. Wilson, *supra;* A., T. & S. F. R. R. Co. v. Davis, 3 Pac. Rep. 301; R., R. J. & St. L. R. R. Co. v. Rafferty, 73 Ill. 58; Illinois C. R. R. Co. v. Baker, 47 id. 295; Missouri P. R. R. Co. v. Reynolds, 1 Pac. Rep. 150; S. & Z. R. R. Co. v. Smith, 22 Ohio St. 227; Deering, Neg., § 11.

By the COURT:

This case is affirmed, the court being of the opinion:

1. That the law relating to the running at large of cattle in Custer county and other Black Hills counties is not invalid by reason of applying specially to these counties, as such law comes within the police power of the legislature, being such a subject-matter as was proper for the legislature to act upon as they deemed best for the interest of such localities.

2. That the common law that requires the owner of domestic animals to keep them upon his own premises and makes them trespassers if he suffer them to run at large, is not in accordance with the common usage and necessities of the new and growing section of the Black Hills country and, therefore, it does not apply.

3. The plaintiff may have been somewhat negligent in allowing his animals to go at large and stray upon defendant's track, and such negligence may have been only the *remote* cause of the injury to the plaintiff's cattle, and the negligence of the defendant's employees in running the train may have been the *immediate* cause of the plaintiff's loss. There being sufficient evidence in the case upon the question of negligence, the lower court did right in submitting the case to the jury.

All concur.